**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  21-CR-391-GKF-1** |
| | ) | |
| **LOUIS CLAYTON CHAFFIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This matter comes before the court on defendant Louis Clayton Chaffin's Motion to Correct Sentence [Doc. 50].  The motion is denied for the following reasons.

Mr. Chaffin brings this motion under Fed. R. Crim. P. 36, which states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Rule 36 is restricted to purely clerical errors.  It does not authorize corrections to effectuate the court's "unexpressed intentions at the time of sentencing." *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995); *see also United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) ("Rule 36 gives the court authority to correct clerical-type errors, but it does not give the court authority to substantively modify a Defendant's sentence.").

At the conclusion of Mr. Chaffin's sentencing hearing on February 17, 2023, the undersigned made the following statement:

> Mr. Chaffin, best of luck to you.  I don't think you need it.  You've obviously acquitted yourself well in all respects but for this one unfortunately singular, but major, incident.  I hope for you the – the time goes quickly.  I think you've got, what, about 17 months' credit?  Something like that already.  So that – that will obviously run against the time, or be credited against the time imposed here.

Mr. Chaffin now argues that the court's question regarding 17 months' credit at the end of this statement has the effect of giving him 17 months' credit to his sentence.  Mr. Chaffin requests that the written judgment be amended under Rule 36 to reflect this credit.

The court's question as to 17 months' credit was merely an inquiry.  It was not made as part of the sentencing pronouncement and was not intended to modify Mr. Chaffin's sentence in any way.  Accordingly, the Motion to Correct Sentence [Doc. 50] must be denied.

IT IS SO ORDERED this 16th day of July, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE